# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIOCESE OF HARRISBURG**, | : | CIVIL ACTION NO. 1:07-CV-2283 |
| Plaintiff | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **SUMMIX DEVELOPMENT** | : | |
| **COMPANY**, *et al.*, | : | |
| Defendants | : | |

# **ORDER**

AND NOW, this 18th day of May, 2010, upon consideration of defendants' motion for sanctions (Doc. 59), wherein defendants request that the court sanction plaintiff Diocese of Harrisburg ("the Diocese") for the spoliation of evidence,[1] and after a hearing on the pending motion, and it appearing that the Diocese contends

---

[1] Defendants complain that the Diocese "destroyed e-mails in the form of back-up tapes until August 2008 . . . despite litigation being foreseeable as early as May of 2006." (Doc. 59 ¶ 7). They allege that they have been prejudiced by this spoliation of evidence. (Id. ¶ 8). Although defendants do not claim that the Diocese engaged in this conduct in bad faith, they contend that they are entitled to an adverse inference instruction at trial. (See Doc. 61 at 7-8, 14)

that defendants have suffered no prejudice as a result of the alleged spoliation,[2] (Doc. 66 at 12-13), and the court finding that defendants have demonstrated entitlement to a modest sanction by showing that the Diocese is responsible for the loss of electronic files which were stored on back-up tapes and that the back-up tapes may have contained e-mails with evidence supporting defendants' claims, see Paluch v. Dawson, No. 1:CV-06-01751, 2009 WL 3287395, at *3 (M.D. Pa. Oct. 13, 2009) ("[I]n determining whether a sanction is appropriate, courts contemplate the following factors: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the

---

[2] According to the Diocese, the back-up tapes at issue contained "snapshots of the Diocesan servers" as they existed on the last business day of each month. (Doc. 66 at 10). The Diocese argues that "it is highly unlikely that significant or meaningful documents were ever contained on the back up tapes[,]" for two principal reasons. (Id. at 12). First, snapshots of Monsignor Lawrence's email account would have contained very few emails, because the Monsignor customarily deleted emails after reading them, and he did not send many emails. (Id. at 10-11). Second, the back-up tapes would have contained only emails in the Monsignor's email account (Id. at 11); emails which were not sent to or received by a Diocesan email account would not be on the Diocesan server. (Id.) The court has considered these arguments, but concludes that defendants have "come forward with plausible, concrete suggestions as to what that evidence might have been[,]" Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 80 (3d Cir. 1994), and have demonstrated their entitlement to an adverse inference instruction. The court is particularly persuaded by defendants' suggestion of emails relating to committee activities. Given the extended period of time (over 14 months) in which potentially relevant emails were lost, it is more probable than not that the failure to preserve the same effects substantial prejudice. The court finds that this evidence is directly relevant to defendants' theory that committee activities contributed to the scope and budget problems of the Sterling Road Project. Finally, the court also finds that there is no lesser sanction that would repair the damage incurred by the spoliation.

opposing party . . . ." (citing Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994))), and the court further finding that an adverse inference instruction is an appropriate sanction in the instant case, see Paluch, 2009 WL 3287395, at *2 ("[R]elevant authority requires that four factors be satisfied for the rule permitting an adverse inference instruction to apply: (1) the evidence in question must be within the party's control; (2) it must appear that there has been actual suppression or withholding of the evidence; (3) the evidence destroyed or withheld was relevant to claims or defenses; and (4) it was reasonably foreseeable that the evidence would later be discoverable." (citing Ogin v. Ahmed, 563 F. Supp. 2d 539, 543 (M.D. Pa. 2008))), it is hereby ORDERED that:

1. The motion for sanctions (Doc. 59) is GRANTED.

2. The following adverse inference instruction[3] will be given at trial:

> I will now instruct you on an inference that you are permitted to draw, based on the fact that certain electronic information has been lost in this case, and it may have contained relevant evidence. You are not required to draw the inference which I am about to describe, but you may do so, if you so choose.
>
> The Diocese of Harrisburg backed up its computer servers on the last business day of each month and stored the information on back-up tapes. After storing a back-up tape for twelve months, the Diocese of Harrisburg would re-use the tape, overwriting the information previously stored on it.

---

[3]See e.g. MOSAID Technologies Inc. v. Samsung Electronics Co., et al., 348 F.Supp.2d 332, 334 (D.N.J. 2004).

The Diocese of Harrisburg—like all parties in litigation—has a duty to preserve relevant evidence when it reasonably anticipates litigation. cIn this case, the Diocese of Harrisburg did not stop overwriting the information stored on its back-up tapes until August of 2008. The defendants contend that, if the Diocese of Harrisburg had stopped overwriting its back-up tapes sooner, it could have produced e-mails from the Diocesan servers that would have been relevant to the issues in this case.

You are permitted to infer, but you are not required to infer, that the back-up tapes might have contained evidence that is unfavorable to the Diocese of Harrisburg's position in this case.

You may make this inference if you find that the information contained on these back-up tapes (including e-mails) would have been relevant in deciding the disputed facts in this case. In deciding whether to make this inference, you may also consider whether these e-mails would have merely duplicated other evidence already before you. Any inference you decide to draw should be based on all the facts and circumstances of this case.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge